[611 NYS2d 405]

In the Matter of WILLIE R. FELTON, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, April 15, 1994

**APPEARANCES OF COUNSEL**

*Daniel A. Drake,* Rochester, for petitioner.

*Willie, R. Felton,* Henrietta, respondent *pro se.*

Per Curiam.

Respondent was admitted to practice by the Appellate Division, Third Department, on June 20, 1983. The petition filed by the Grievance Committee charged respondent with converting client funds totalling over $105,000, neglecting numerous legal matters entrusted to him, charging excessive fees, failing to return unearned retainer fees, accepting employment when his professional judgment was affected by his own interest, failing to cooperate with a Grievance Committee investigation, and failing to register as an attorney. The petition also requested the entry of an order of restitution pursuant to Judiciary Law § 90 (6-a). Additionally, petitioner moved to suspend respondent from the practice of law pursuant to 22 NYCRR 1022.19 (f) (2) on the ground that respondent was guilty of misconduct immediately threatening the public interest. That motion was granted by order entered September 17, 1993 *(Matter of Felton,* 193 AD2d 131). Thereafter, on October 8, 1993, an order of this Court was entered directing respondent to show cause, pursuant to Judiciary Law § 90 (4) (g), why a final order of suspension should not be entered pursuant to Judiciary Law § 90 (4) (h) based on his conviction in the Oneida Town Court on June 13, 1989 of issuing a bad check, a serious crime as defined by Judiciary Law § 90 (4) (d). Respondent filed an answer denying the material allegations of the petition and, on November 18, 1993, a Referee was appointed to make findings of fact on the issues raised by the pleadings. Although respondent attended the pretrial conference, he failed to appear on the hearing dates and the Referee proceeded with the hearing in his absence. Upon completion of the hearing, the Referee filed a report. Petitioner moved to confirm that report and respondent failed to answer that motion or to appear on the return date.

We confirm the report and conclude that respondent is guilty of violating the following provisions of the Code of Professional Responsibility: DR 1-102 (A) (3), (4), (5) and (7) (22 NYCRR 1200.3 [a] [3], [4], [5], [7]), by engaging in illegal conduct involving moral turpitude, misrepresentation, deceit, dishonesty, or fraud, and by engaging in conduct prejudicial to the administration of justice and conduct that reflects adversely on his fitness to practice law; DR 2-106 (A) and (D) (22 NYCRR 1200.11 [a], [d]), by collecting and/or charging an excessive or illegal fee and failing to have a written contin-

gent fee agreement; DR 5-101 (A) (22 NYCRR 1200.20 [a]), by accepting employment when his professional judgment is affected by his own interest; DR 5-104 (A) (22 NYCRR 1200.23 [a]), by entering into a business transaction with a client with differing interests; DR 6-101 (A) (3) (22 NYCRR 1200.30 [a] [3]), by neglecting legal matters entrusted to him; DR 9-102 (A) (22 NYCRR 1200.46 [a]), by failing to maintain and preserve client funds and commingling and converting client funds; DR 9-102 (B) (1), (2) and (4) (22 NYCRR 1200.46 [b] [1], [2], [4]), by failing to maintain and distinguish a special account separate from a personal account and failing to keep funds in a special account; DR 9-102 (C) (1), (3) and (4) (22 NYCRR 1200.46 [c] [1], [3], [4]), by failing to notify a client of the receipt of funds, failing to keep records regarding client funds and failing to deliver promptly client funds; DR 9-102 (D), (H) and (I) (22 NYCRR 1200.46 [d], [h], [i]), by failing to maintain and produce appropriate records related to client funds; and Judiciary Law § 468-a and 22 NYCRR 118.1, by failing to register as an attorney.

We conclude that respondent should be disbarred and direct the entry of an order of restitution pursuant to Judiciary Law § 90 (6-a) in the amounts itemized in the Referee's report.

DENMAN, P. J., GREEN, LAWTON, FALLON and CALLAHAN, JJ., concur.

Order of disbarment entered.